UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:11-CR-163-RL-PRC |
| | ) |
| MARTIN JONASSEN | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on a "Constitutional Request for Standby Assistance of Counsel Not From an Employee of Federal Community Defenders Inc. A Corporation Receiving Funds From Plaintiff So Called." [DE 193], filed by Defendant Jonassen, pro se, on April 26, 2012.

At Defendant's initial appearance on September 23, 2011, Defendant indicated that he would retain counsel. At the probable cause and detention hearing on September 28, 2011, Defendant requested additional time within which to retain counsel; he maintained his desire to retain his own counsel and declined court appointment of counsel. However, the Court directed the Federal Community Defender Office to have standby counsel present at the next hearing over the objection of Defendant. The hearing was reset for October 4, 2011. Attorney John Martin entered his appearance as standby counsel on September 29, 2011.

At the October 4, 2011 hearing, Defendant appeared pro se with standby counsel and moved to continue the hearing. The Court granted the motion, and the hearing was reset for October 26, 2011.

On October 26, 2011, Defendant appeared pro se with standby counsel, and the arraignment and detention hearing were held. Defendant indicated that he was still attempting to retain counsel. His oral motion to dismiss standby counsel was denied. His oral motion to continue the hearing was denied. Defendant indicated that he was choosing not to use the services of standby counsel. The

Court ordered Defendant detained.

On November 30, 2011, the Court held an initial appearance and arraignment on the superceding indictment. Defendant appeared pro se with standby counsel.

On January 6, 2012, Defendant filed a Motion for Appointment of Standby Counsel Other Than Public Defender. In that motion, Defendant expressed his discontent with standby counsel, asserting that counsel "has been inadequate with motions;" that "defense counsels entire attitude has been unconcerned with the defendant's proposed defense and is therefore not willing to investigate zealously as guaranteed by both the Indiana and U.S. Constitution;" and "that there is no question of law other than the fact the defendant has a Constitutional Right to be assisted zealously by counsel who will render effective assistance of Counsel as imposed by the Sixth Amendment see Strickland v. Washington 104 SCT 2052 (1984)." Moreover, Defendant objected to standby counsel from the Federal Community Defenders Office.

On January 20, 2012, the Court held an arraignment on the second superseding indictment and a hearing on several pending motions, including the Motion for Appointment of Standby Counsel. Defendant appeared pro se and by standby counsel. On the record, the Court denied the Motion for Appointment of Standby Counsel.

On March 19, 2012, Defendant filed a document entitled Reappointment of Counsel. Based on the content of the motion and because Defendant has not been appointed counsel at any time during this case, the Court found that the motion was improperly titled and construed the document as a Motion for Appointment of Counsel. In the motion, Defendant stated that he is "severely prejudiced by assistance of current counsel" and that he is "being severely prejudiced by ineffective counsel." (DE 137). Defendant asked the Court to appoint attorney Kerry C. Conner of the Federal

2

Community Defender Office, pursuant to the Sixth Amendment of the Constitution, the Indiana Constitution, and *Strickland v. Washington*, 104 S.Ct. 2052 (1984). In support of his motion, Defendant stated:

> 1. No meaningful communication has been established between counsel appointed.
> 2. No confidence with current public defender assistance of counsel.
> 3. Counsel has been inadequate with motions which defendant feels do not have merit and negative responses which make impossible to have attorney client relationship.
> 4. Entire attitude has been unconcerned with proposed defense and not willing to investigate zealously as guaranteed by both the United States and Indiana Constitution. Since inception counsel has refused to type any papers, provide any case law (until 2-10-2012) or render effective assistance of counsel. Bishop v. US.
> 5. No question of law or other than fact have a Right to effective assistance of counsel as imposed by the Sixth Amendment. See Strickland v. Washington 104 Sct 2052 (1984) as defendant has been severely prejudiced by current counsel.

(Docket entry 137).

In its March 22, 2012 Order ruling on the motion, the Court found that Defendant was mistaken in his expectations of his standby counsel. Defendant has waived his right to court-appointed counsel. He is proceeding pro se, as is his right. *Faretta v. California*, 422 U.S. 806, 835-86 (1975). He has repeatedly indicated to the Court that he does not wish to have standby counsel. There is "no constitutional right to hybrid representation," where the defendant "share[s] the duties of conducting [his] defense with a lawyer." *United States v. Schmidt*, 105 F.3d 82 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

The Court again reminds Defendant Jonassen that there is no constitutional right to effective assistance of standby counsel. *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir. 1992). The purpose of standby counsel "is merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant chooses to consult an attorney." *Id*. Thus, Defendant's complaints regarding his standby counsel in both his January 6, 2012 and March

19, 2012 motions were misplaced.

In the March 22, 2012 Order, the Court found that Defendant had changed his mind regarding court-appointed counsel and was requesting that he be appointed counsel by the Court. The Court granted the motion, directing that the Federal Community Defender Office appoint counsel for Defendant and ordered that the appearance of standby counsel John Martin be withdrawn. On March 26, 2012, different counsel was appointed to represent Defendant. However, on March 29, 2012, Defendant filed a "Notice Reappointment/Replacement assistance of Counsel for (as duly recorded) indigent pro se defendant" and clarified that he was *not* seeking the appointment of counsel, advised that at no time was he requesting appointment of counsel, reasserted his desire from the beginning of this case to proceed pro se, and clarified that he was only requesting replacement of his standby counsel John Martin with attorney Kerry Connor.

In its April 2, 2012 Order on Defendant's March 29, 2012 Notice, the Court vacated its March 22, 2012 Order appointing counsel, ordered the withdrawal of the appearance of the attorney that had entered an appearance on behalf of Defendant, and directed the Federal Community Defender Office to reinstate attorney John Martin as Defendant's standby counsel. The Court found that Defendant has not offered the Court any reason that Attorney John Martin should not continue as his standby counsel, as all of Defendant's complaints regarding Attorney Martin relate to expectations Defendant has of standby counsel that exceed the purpose of standby counsel. The Court noted that Defendant's complaints suggest that he expects Attorney Martin to act as his appointed attorney rather than his standby counsel.

On April 4, 2012, Defendant filed a document entitled "Continueing Pro Se Indigent In Forma Pauperis Declaration Second Appeal Objection," in which he again clarified that he would

4

like different standby counsel and again specifically asked for attorney Kerry Connor to be his standby counsel. In an Order dated April 13, 2012, the Court construed this "appeal" as a motion to reconsider the Court's prior decision reappointing attorney Martin and not appointing attorney Connor. The Court held that it did not misunderstand Defendant's request for appointment of attorney Connor when it issued its most recent order on this subject. The Court had recognized that Defendant was asking for new standby counsel. However, the Court had found that Defendant had not offered any reason for the replacement of his standby counsel because all of his complaints regarding his standby counsel went to expectations that were beyond the scope of the purpose of standby counsel. In the April 13, 2012 Order, the Court denied the relief requested by Defendant and found that Defendant had again not offered the Court any reason why John Martin should not continue as Defendant's standby counsel. The Court stated that Defendant does not have the right to standby counsel of his choosing.

In the instant filing, Defendant again reiterates the same arguments regarding standby counsel John Martin. However, in this filing, he now states: "Whereas Pro Se Indigent In Forma Pauperis Defendant has the irrebuttable Right to be zealously assisted by standby assistance of counsel. . . ." Def. Mot., p. 1. Defendant also cites *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), and asserts that the case holds that "[t]here is no matter of law other than the fact Defendant has the irrebuttable Right to chose effective standby assistance of counsel which would zealously assist Defendant." Def. Mot., p. 2, ¶ 20. This is not the holding of *Gonzalez-Lopez*. In *Gonzalez-Lopez,* the United States Supreme Court first recognized its prior holding that an element of the Sixth Amend right to assistance of counsel "is the right of a defendant *who does not require appointed counsel* to choose who will represent him." *Gonzalez-Lopez*, 548 U.S. at 144 (citing

5

*Wheat v. United States*, 486 U.S. 153, 159 (1988)) (emphasis added). Then, the Supreme Court held that the Sixth Amendment right to counsel "is the right to counsel of choice, not the right to a fair trial," and that in that case, "the right was violated because the deprivation of counsel was erroneous" and "[n]o additional showing of prejudice is required to make the violation 'complete.'" *Gonzalez-Lopez*, 548 U.S. at 146. The attorney representation at issue in *Gonzelez-Lopez* was related to <u>retained</u> counsel. The case does not apply to appointed counsel nor to appointed standby counsel. Notably, the Court reiterated that the "right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id*. at 151 (citing *Wheat*, 486 U.S. at 159).

Defendant does not have a right to effective assistance of *standby* counsel. Defendant continues to assert his right to proceed pro se and to refuse court appointment of counsel. The Court, in an exercise of caution, has appointed standby counsel to assist Defendant under certain circumstances. Defendant does not have the right to hybrid representation or "team" representation with his standby counsel. If Defendant were fully represented by counsel and were not proceeding pro se, then he would have the right to effective assistance of counsel by his appointed attorney. That is not the case here. Defendant has chosen to proceed pro se in this case, as is his right. Attorney Martin is standby counsel only.

In the instant motion, Defendant objects to the fact that the Federal Community Defender Office, the employer of his standby counsel, is funded by the United States Government. He also objects that the Court is funded by the United States Government. The Court advises Defendant that any attorney appointed by the Court to represent an indigent criminal defendant is paid with money from the United States Government, whether the attorney is an employee of the Federal Community

6

Defender Office (of which Attorney Kerry Connor is also an employee) or is a private attorney retained by the Federal Community Defender Office under the Criminal Justice Act (CJA).

Based on the foregoing, the Court hereby **DENIES** the relief requested in Defendant's "Constitutional Request for Standby Assistance of Counsel Not From an Employee of Federal Community Defenders Inc. A Corporation Receiving Funds From Plaintiff So Called." [DE 193].

SO ORDERED this 1st day of May, 2012.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Pro se Defendant