US Dist CT
N. Dist. Of Indiana
Hammond Div

1 OF 6

USA inc
V
Martin Jonassen

FILED
2:11cr163

2012 DEC 12 PM 3:44

Protectionism, VIS-A-VIS, Libelous, Prosecutorial Misconduct/Tort Motion, Title 18 USCS 3353(a), etc, Move For Mitigation Specialist, And 30 day Continuance, And Release Upon Time Served, Motion, etc., And per MALICIOUS PROSECUTION, PROSECUTORIAL MISCONDUCT, (R. 60),(R. 105),(R. 233),(R. 342), etc, Crimes OF, And AGAINST, 1st, 4th, 5th, 6th, 8th, And 14th, Amendments, Jury BIAS, RE IN PAIS, JURAL, DISCRETIONARY, IMMUNITIES, Federally protected CIVIL/ RELIGIOUS RIGHTS, GUEST STATUTE, SPECIAL RELIGIOUS, CARETAKER, GUARDIAN, IN LOCO PARENTIS, INTRA VIRES, BILATERAL, RES INTER ALIOS ACTA.
VIS-A-VIS, IN REM, PRIVACY INVASION, EXPLOITATION, **CONSTITUTIONAL, PERSONAL TORTS**, etc. memo motion

Comes now in propria persona, Appellant unrepresented, and per 4 corners Rule, IN PARI MATERIA, moving For Litigation Specialist, And 30 day Continuance Due, To Nature, Number, Complexity, etc., of issues / objections. Reversal etc, And For release upon time served with the following in support:
- 1. Newly Discovered Evidence, proves ACTUAL, LEGAL, INNOCENCE OF Appellant, per INPAIS, Jural, DISCRETIONARY, Immunities, Federally Protected CIVIL/ RELIGIOUS RIGHTS, GUEST STATUTE, SPECIAL, RELIGIOUS, CARETAKER, GUARDIAN, IN LOCO PARENTIS, INTRA-VIRES, BILATERAL, RES INTER ALIOS ACTA, with myriad case laws, etc., to Support the same. SEE DE's per 2:11cr163, and Appeals Cases. RE MALICIOUS PROSECUTION, PROSECUTORIAL MISCONDUCT, gov. PRIVACY RIGHTS INVASION, and EXPLOITATION, PER SHAM MALICIOUS PROSECUTION, and UNFAIR, CONTRARY TO LAW, LEGALLY INCONSISTANT, TRIAL, (R. 60 105 103 110 116 119 125 126 127 130 133 205 212 233 253 342 355), Case 12-3193, (R. Dated Current #20), etc. 18:1512(b)(1), 18:247(a)(2), 18:241, 28 USCA§1359, Title 42 USCS 1983, Fruit of the Poisonous Tree,

1. Illegally Obtained Evidence, gov. DEFAULT, 1st, 4th, 5th, 6th, 8th, 14th, Amendments, DUE PROCESS, FAIR PREPARATION, EQUAL PROTECTION, SHAM PROSECUTOR HAS A whole Laundry basket of crimes committed under Colour of Law.

And Further SHAM, MALICIOUS, PROSECUTORIAL MISCONDUCT, Illegalities, VIOLATIONS, CRIMES, etc. SEE Referenced Dockets. Etc. And Numerous Harmful Errors Severely Prejudicing Defendant. US. vs. Zehrbach Numerous Crimes, Etc. 1st, 4, 5, 6, 8, 14, Amendment Violations 47 F.3d 1252 1265 (3d Cir 1995)

2. Appellant expects dismissal, etc, therefore short, short Notice, (Less than 14 days) Not enough time to establish MITIGATION SPECIALIST relationship, and to adequately prepare/Defend.

3. Per 18 USC 3353(a)(2)(D) imprisonment is Not an appropriate means of promoting correction/rehabilitation whereas educational and medical needs may be better served by remaining in the community.

4. It does not require Extraordinary Circumstances For Mitigating Circumstances significant enough to support a large variance from BOTTOM of guidelines range as outlined in GALL vs. US. 522 US (2007)

5. Guidlines are only advisory Kimbrough vs US 552 US (2007)

6. GALL also rejects use of a rigid mathematical formula, to justify a sentence below the guidelines.

7. Per USSG 5h.1 over age 51 Appellant Qualifies For Discretionary Departure US vs. Henry Nellum 2:04 cr 30 (N.D Indy 2005)

8. Per 18:17(a), and McNaughten Rules, SEE OE's Dated 8-(3and6)-2012 RE messuage, domestic domicile, curtilage, with severe head injuries, contustion, concussion, trauma, etc. diminished capacity at time of alleged offense, contributed to the alleged Aberrant Behavior. Making it difficult to control behavior, and for Defendant to understand what alleged aberrant behavior was wrong.

9. USSG 5k2.1 and 2.18 and 2.20 encourage departures downward for alleged Aberrant Behavior.

9. Per USSG 5K2.1, 2.18, 2.20 downward departures are encouraged for alleged aberrant behavior.

   A. Alleged victims wrongful conduct provoked the alleged aberrant behavior.

   B. Protectionism, IN PAIS, LEGAL, DISCRETIONARY, GUARDIAN, SPECIAL RELIGIOUS CARETAKER, INTRA VIRES, IN LOCO PARENTIS, JURAL, RES INTER ALIOS ACTA, BILATERAL, "GUEST STATUTE RESPONSIBILITY TO AVOID GREATER HARM, (SEE CARROL Towing vs. US)" "THEREBY COMPLETELY EXCUSING ANY LIABILITY ON" "THE PART OF DEFENDANT" Carrol Towing Co. vs. U.S. 8 Eng. Rep. 718 (H.L. 1843)

   C. Defendant felt forced per Guest Statute Responsibilities, etc. to avoid greater harm, re Praecipe alleged aberrant behavior. (R. Dated 8-(3+6)-2012)

10. Per USSG 5 G.1:3 (b)(1)

    A. Due to diminished capacity (Title 18:17(a)) at time of alleged offense, re messuage, domestic domicile, curtilage, with severe head injuries, contusion, concussion, trauma, etc. (R. 8-3,6-2012)

    B. Exigent IN EXTREMIS EXTRAORDINARY FAMILY CIRCUMSTANCES Qualifies For Discretionary Departure. (R. 342) etc.

11. Per 18 USC 3553 (F) and USSG CL. 2

    A. No Firearms involved
    B. No Death or Serious injury
    C. No gang affiliation or a
    D. No Criminal enterprise
    E. No Continueing criminal enterprise
    F. No Criminal History
    G. No Convictions

12. Defendants entire incarceration has been spent in sub-standard, onerous, exrta punitive, conditions.

13. "Pretrial detention in substandard conditions has a punitive effect not contemplated by the guidelines. CF. Artway v Attorney General 81 F 3d 1235 1263 (3rd Cir. 1996)

14. One Dist Court applied 12 years for every year in such substandard housing. SEE. US vs Brinton 139 F3d 718 720 (9th Cir. 1998)

15. Court decided to depart downward 3 levels due to state facility housing in. US vs Hernandez-Santiago 92 F 3d 97 (2nd Cir. 1996)

16. Defendant has been denied medical, etc., and other special necessities, which also can be used for downward departure in, US vs Hernandez-Santiago.

17. Judge Lifland in US vs Navarro departed downward because of substandard Housing.

18. Judge Debevoise in US vs Insuasti departed downward because of substandard Housing

19. Above supported by US vs Sutton 973 F. Supp 488 N. Jersey (1997) wherein severity of conditions, etc. can properly be considered departure.

20. Substandard conditions USSG § 5K2.0 provide grounds for departure.

21. Qualitatively different conditions provide grounds also for departure. US. vs Francis 98 cr 606 (S.D. N. York 2001)

22. In Francis failure to segregate provides grounds for departure.
    SEE Defendants Civil Lawsuit against jail see 2:12 cv 97 case

23. In Francis injury from other inmates provides grounds for departure
    SEE Defendants Civil Lawsuit against jail see 2:12 cv 97 case

24. In Francis lack of medical needs, etc provides grounds for departure.
    SEE Defendants Civil Lawsuit against jail see 2:12 cv 97 case

25. In Francis food that is inadequate provides grounds for departure.
    SEE Defendants Civil Lawsuit against jail see 2:12 cv 97 case

26. In Francis stress factors, etc. provide grounds for departure, ones especially, which affect substantial RIGHTS.
    SEE Defendants Civil Lawsuit against jail see 2:12 cv 97 case

27. There are many more harsher, more punitive, onerous, conditions, injuries, losses, conditions, etc. that defendant has suffered, including **broken Bones**, sprains, **hernia** (still **untreated**) permanent vision loss, perm. hearing loss, **neck, back**, permanent injuries, knocked out teeth, jaw and cheek injury, limited range of motion in jaw, neck, etc., untold physical, emotional, mental, abuse, trauma, etc.
    SEE Defendants Civil Lawsuit 2:12 cv 97 case

28. As recent as 12-8-12 Defendant again fell in raw sewage, which flooded hallway and cells, compounding, and adding to numerous, extra punitive, onerous, harsher conditions, and further serious loss, harm, injuries, suffering, trauma, etc. requiring Defendant to become further disabled and needing mobility assistance, etc.

Whereas guidelines are only the third of five equally important factors, and there is no "Floor", as outlined in Booker, Fanfare, Blakely, etc.

And with Newly Discovered Evidence, proving ACTUAL, LEGAL, INNOCENCE OF Appellant.

Therefore we move for mitigation specialist / 30 day continuance / verdict be overturned / acquitted Dismissed, etc. / Release upon time served etc. RES INTER ALIOS ACTA

Failure to answer this motion within 10 days will be deemed the Court concurrs, and relief requested is granted.

Therefore for the foregoing reasons, and per Pari Materia, 4 Corners Rule, etc. we do hereby respt. move this HON COURT [Praecipe, RES INTER ALIOS ACTA], Relief Requested be granted / verdict be overturned case acquitted / dismissed / etc. [SINE DIE] with prejudice And appellant be released upon time served.

Respt. Sub.

On this 9th day of Dec., 2012

IN pro per Martin Jonassen unrep.