**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:11 CR 163** |
| | ) | |
| **MARTIN JONASSEN** | ) | |

**OPINION and ORDER**

Before the court is defendant Martin Jonassen's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), plus related filings. (DE ## 835, 837, 838, 842.) For the reasons that follow, the motion and all related filings are denied.[1]

## I. BACKGROUND

In 2011, defendant kidnapped his then-21-year-old daughter and took her across state lines to a motel, where he held her against her will and sexually assaulted her. *United States v. Jonassen*, 759 F.3d 653, 655 (7th Cir. 2014). On the third day of her captivity, she escaped, fleeing naked from the motel with rope still tied around her leg, screaming for help. *Id.* After she entered a nearby liquor store begging for assistance, defendant violently recaptured her and dragged her away, telling individuals in the store that his daughter was on drugs. *Id.* at 656.

[1] Over a decade ago, the Seventh Circuit Court of Appeals classified defendant as a restricted filer due to his history of abusive and frivolous filings. (DE # 778.) Accordingly, defendant's filings in this court are generally returned to him upon receipt. In this case, defendant received specific preapproval from the Seventh Circuit on January 16, 2025, permitting this court accept and consider the present motion. (DE # 834.)

Upon his arrest, defendant began a concerted campaign to convince his daughter to recant her account, including more than 75 phone calls and more than 20 letters over seven months, in which he "used guilt, bribery, veiled threats, and other forms of psychological intimidation." *Id.* at 656-57. At trial, his daughter repeatedly stated that she did not remember what had occurred. *Id.* at 657. A jury convicted defendant of kidnapping and obstruction of justice, and the undersigned sentenced him to 480 months imprisonment on the kidnapping count and 240 months on the obstruction count, to run concurrently. (DE # 579.)

Defendant has been a prolific and abusive filer, in this court and in the Court of Appeals, since before his trial. In 2016, the Seventh Circuit restricted his ability to file documents in both civil and criminal cases. (DE # 778.) In 2022, however, this court took under advisement defendant's first motion for compassionate release, which was docketed despite those restrictions, out of an abundance of caution and because of the circumstances of the COVID-19 pandemic. (DE ## 784, 787.) Defendant responded with filing after filing until the court closed briefing. (DE # 817.) On March 16, 2022, this court denied the motion, along with 18 other related filings. (DE # 819.) In that order, the court gave defendant the benefit of the doubt, assuming for purposes of the motion that he had presented extraordinary and compelling circumstances, but concluded that the factors of 18 U.S.C. § 3553(a) and defendant's dangerousness weighed decisively against release. (DE # 819 at 8-10.)

Defendant now returns with a second motion. He is over 70 years old and, by his estimation, has served approximately 177 months of his 480-month sentence. (DE # 835

at 1.) He asks the court to reduce his sentence to "time served" due to his medical conditions; his age and the deterioration of his health due to the aging process; his "unusually long" sentence; the length of time he has served; individual aspects of his case; and his rehabilitation efforts. (*Id.* at 1-2.) He represents that he submitted requests to the warden of his institution on March 31, 2026, and April 14, 2026, and that they were denied. (*Id.* at 1.)

## II. LEGAL STANDARD

Generally, a court is prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). One exception allows a court to grant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Congress did not define "extraordinary and compelling reasons," instead delegating that task to the Sentencing Commission. 28 U.S.C. § 994(t). The Commission's policy statement, U.S.S.G. § 1B1.13, now applies to motions brought by defendants, and since November 1, 2023, it identifies categories of circumstances that may qualify: the defendant's medical circumstances, age, and family circumstances; abuse suffered in custody; "any other circumstance or combination of circumstances" similar in gravity to those categories; and an unusually long sentence. U.S.S.G. § 1B1.13(a), (b). In its prior order, this court treated § 1B1.13 as useful but non-binding

guidance. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The court need not decide how much weight the amended policy statement carries today, because the Supreme Court has recently made clear that the Commission's policy statements must be "consistent with" the governing statute, and that courts must independently interpret the statute itself. *Rutherford v. United States*, 146 S. Ct. 1320, 1334 (2026). As explained below, defendant's motion fails whether the policy statement is treated as binding or merely as guidance.

The statutory standard is demanding. "Extraordinary and compelling" reasons "are those that are especially unusual and convincing." *Rutherford*, 146 S. Ct. at 1330. The terms "leave room for judgment, [but] they are not so flexible as to encompass any consideration." *Id.* at 1332. The heartland of compassionate release "has long been defined by a prisoner's personal circumstances." *Id.* at 1331. Whether a prisoner is eligible for relief "depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors." *Id.* at 1333. Compassionate release is, accordingly, an extraordinary event. *See White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release due to medical conditions is "a rare event"); *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). If the court cannot identify an extraordinary and compelling reason, the motion must be denied. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Finally, "although a defendant may file more than one motion for compassionate release, subsequent motions must be based on materially different conditions." *United*

*States v. Kruse*, No. 24-1978, 2024 WL 5155567, at *2 (7th Cir. Dec. 18, 2024) (citing *United States v. Vaughn*, 62 F.4th 1071, 1071 (7th Cir. 2023)). District courts are empowered to dismiss repetitive requests. *See In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024).

## III. DISCUSSION

### A. Exhaustion

Defendant states that he exhausted his administrative remedies by submitting requests to the warden on March 31 and April 14, 2026. (DE # 835 at 1.) As in its prior order, the court need not resolve whether defendant has properly exhausted, because exhaustion is a claim-processing rule rather than a jurisdictional requirement, and the motion fails on its merits in any event. *See, e.g.*, *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

### B. Extraordinary and Compelling Reasons

#### 1. Medical Circumstances

This is defendant's second motion seeking compassionate release for medical reasons, and much of it repeats the first. Defendant has a long history of describing his health in sweeping terms. In 2022, defendant claimed that he was afflicted with hundreds of serious ailments and was on an "end-of-life trajectory." (DE # 819 at 5-6.) He claimed to suffer from hundreds of conditions, including hepatitis, AIDS, basal cell cancer, gangrene, blood poisoning, a knee fracture, swelling blood vessels, and bone and soft tissue damage. (*Id.*) The court considered those claims, found a "paucity of actual evidence" supporting them, and denied relief. (*Id.* at 6.)

Once again, defendant claims that he suffers from a wide variety of illnesses, many of them the same as before. Defendant claims he suffers from "long COVID"; monkeypox; seizures; asthma, pneumonia, and other serious respiratory problems; macular degeneration and other visual disturbances; hearing loss, tinnitus, and chronic ear problems; loss of smell and taste; chronic fatigue syndrome; degenerative disc disease and chronic back, neck, hip, and knee pain; renal failure and kidney stones; supraventricular and postural orthostatic tachycardia, cardiac arrhythmia, a heart attack and other heart disease; fainting spells; broken bones, including a shoulder and arm injured in a March 2024 fall; migraines; and chronically high blood pressure. (DE # 835 at 33-44.) Defendant further asserts that his health has seriously deteriorated and that he "continues to be exposed to serious risk of injury, sickness, death" because of prison conditions. (DE # 835 at 1.)

The conditions alleged by defendant that are substantiated by BOP medical records include an inguinal hernia with obstruction but without gangrene, for which the record states that defendant "has refused surgical repair TWICE" while in BOP custody; lower back pain; mononeuropathy of a lower limb; an unspecified ear disorder; essential hypertension; peripheral vascular disease; dental caries and generalized gingival recession; gastro-esophageal reflux disease without esophagitis; hemorrhoids; seborrheic dermatitis and other dermatitis, including dry skin; polyarthritis; pain in an unspecified joint, noted as the left shoulder; bursitis of the elbow, with an x-ray pending; an enlarged prostate with lower urinary tract symptoms; a cardiac murmur that "appears to be systolic," with apparent bilateral carotid bruits;

and a chronic cough. (DE # 835-1 at 33, 35-37; DE # 842-1 at 1.) BOP medical records reflect ongoing monitoring and treatment, including topical capsaicin, blood-pressure monitoring, famotidine, coal tar shampoo, and triamcinolone. (DE # 842-1 at 1.) Other conditions in the records are listed as resolved, including kidney calculus, tachycardia, cellulitis, and COVID-19. (DE # 835-1 at 36-37.) The records also note that defendant refused hepatitis C and HIV testing, and that in January 2020 he requested compassionate release through the BOP and then refused the medical visit. (*Id.* at 36.) Finally, a BOP Medical Duty Status form dated May 19, 2025, indicates that defendant was assigned to a first-floor cell and a lower bunk, was cleared for food service, and was allowed to keep certain equipment in his possession: a wheelchair, hernia belts, a cane (for his hernia), an athletic supporter, and eyeglasses. (*Id.* at 34.)

The court need not credit defendant's unsubstantiated descriptions of his own health, nor is the court required to revisit allegations previously addressed. *See Kruse*, 2024 WL 5155567, at *2; *In re Thomas*, 91 F.4th at 1242. To the extent defendant repeats claims here or fails to support them with medical documentation, they are disregarded. The remaining substantiated medical issues do not amount to an extraordinary and compelling reason under any of the medical categories in § 1B1.13(b)(1) as explained below.

It is indisputable that BOP medical records do not identify any terminal illness, defined as "a serious and advanced illness with an end-of-life trajectory." U.S.S.G. § 1B1.13(b)(1)(A). Nor do they reveal a serious physical or medical condition, functional impairment, or age-related decline "that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B). The record says nothing about the severity or prognosis of any listed condition, and nothing about any substantial limitation on defendant's ability to care for himself. Many of the conditions are common and generally treatable, and nothing in the record indicates that any of them is uncontrolled or progressing to a point of serious concern; to the contrary, the record reflects that defendant is being monitored and treated. That is not to say that defendant's conditions are pleasant. But the law allows a sentence reduction only for extraordinary and compelling circumstances, and a record that shows neither a terminal illness nor any limitation on defendant's ability to provide self-care does not reach that level. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[2]

Similarly, the record does not show that defendant requires long-term or specialized care that is not being provided. *See* U.S.S.G. § 1B1.13(b)(1)(C). Defendant's generalized statement that he is exposed to risk from "prison conditions" identifies no particular condition and no care being withheld, and defendant does not claim to be at risk from an ongoing outbreak of infectious disease. *See id.* § 1B1.13(b)(1)(D). Thus, defendant has failed to establish that his medical conditions, even in combination, establish extraordinary and compelling reasons justifying compassionate release.

[2] Defendant's most serious affliction, an obstructed hernia, is one for which the record states that defendant himself has twice refused surgical repair. (DE # 842-1 at 1.)

**2. Age**

Under § 1B1.13(b)(2), a defendant's age may be an extraordinary and compelling reason if the defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." His motion fails on at least the second element. Defendant offers only his own conclusory assertion that his health has seriously deteriorated because of aging. In short, age, standing alone, is not an extraordinary and compelling reason, and defendant has not shown the serious age-related deterioration that the policy statement requires.

**3. Unusually Long Sentence**

Defendant next argues that his 480-month sentence is "unusually long" under § 1B1.13(b)(6), pointing to cases in which, he says, sentences for similar offenses were as low as 84 months. (DE # 835 at 2.) That provision applies only "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment"; the court must then consider "a change in the law," and relief is appropriate "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Defendant identifies no change in the law at all, let alone one that would produce a gross disparity in his case. His argument is instead that other courts have imposed lighter sentences on other defendants. That is a disagreement with the length of his

sentence, and the Supreme Court has recently warned that the logic of treating such a disagreement as an extraordinary and compelling reason "extends well beyond nonretroactive sentencing amendments to disagreement with the length of any punishment on the books." *Rutherford*, 146 S. Ct. at 1334.

**4. Other Reasons and Rehabilitation**

Defendant lastly invokes the catch-all category of § 1B1.13(b)(5), which requires "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." He points to his age, the time he has served, his claimed rehabilitation and productive use of his time in prison, and general statistics suggesting that elderly offenders are less likely to reoffend. (DE # 835 at 1-2.)

The court accepts for purposes of this motion that defendant has engaged in productive activities. But "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t). Rehabilitation may be considered in combination with other circumstances, *id.*, but defendant has identified no other basis that, alone or in combination with his rehabilitation, could be considered extraordinary and compelling. His age and length of incarceration are not unusual or noteworthy, and a statistical generalization about elderly offenders says nothing about any circumstance unique to defendant that is similar in gravity to terminal illness, incapacitating medical conditions, or the other grounds the Commission has identified.

Considered individually or in combination, defendant's circumstances are not "especially unusual and convincing." *Rutherford*, 146 S. Ct. at 1330. Because the court cannot identify any extraordinary and compelling reason for a reduction, the motion must be denied. *Ugbah*, 4 F.4th at 597.

**C. Section 3553(a) Factors and Danger to the Community**

Because defendant has not shown that he is eligible for compassionate release, the court need not reach the § 3553(a) factors. *See Rutherford*, 146 S. Ct. at 1333. If it did, though, the result would be the same. The policy statement permits a reduction only if the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and only after consideration of the § 3553(a) factors. U.S.S.G. § 1B1.13(a). Nothing in defendant's motion disturbs the court's analysis of these matters in its prior order, which the court incorporates here. (DE # 819 at 8-10.)

As was the case in 2022, the nature and circumstances of defendant's offense remain paramount. Defendant kidnapped his own daughter, held her against her will for several days, and sexually assaulted her. She was forced to run for her life, naked, and beg strangers for help, only to be dragged away by defendant, who told everyone that she was on drugs. He then manipulated her for months to avoid her testimony. Defendant has served only a fraction of his 480-month sentence, and releasing him now would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

Nor has defendant shown any acceptance of responsibility. In the very first sentence of his motion, he describes his offense as "alleged." (DE # 835 at 1.)

Compassionate release should not be used to reward defendants who make excuses for their own conduct. *See, e.g.*, *United States v. Lisi*, No. 15 CR. 457 (KPF), 2020 WL 881994, at *6 (S.D.N.Y. Feb. 24, 2020).

The court also remains unpersuaded that defendant would pose no danger upon release. Defendant has shown contempt for the rule of law and the institutions that support it, as his long history of abusive filings illustrates. Generalized statistics about the recidivism of elderly offenders do not address the risk posed by *this* defendant, who used manipulation and intimidation to try to silence his own victim, and the court remains all but certain that his early release would result in further harm to her and to others.

**D. Requests for Additional Time**

Defendant has also asked for additional time to supplement his motion. (*See, e.g.*, DE ## 837, 838, 842.) Those requests are denied. This is defendant's second motion for compassionate release. The court's prior order was issued more than four years ago, and defendant has had ample time to gather evidence and prepare the arguments he wished to present. In 2022, he was given the same opportunity and used it to file document after document until the court refused additional briefing. (DE # 817.) Defendant has articulated no reason why more extensive briefing would be beneficial with respect to this second motion.

Moreover, this is not a close case. Defendant does not suffer from any medical conditions or combination thereof that approach the level of "extraordinary and

compelling," he identifies no change in the law, and the § 3553(a) factors and the danger he poses weigh decisively against his release.

## IV. CONCLUSION

For the foregoing reasons, defendant's second motion for compassionate release (DE # 835) and all associated filings (DE ## 837, 838, 842) are **DENIED**.

No further matters described in the Seventh Circuit's exception to defendant's filing ban (DE # 834) remain pending, so the Clerk shall reject all further filings in accordance with the filing ban imposed by the Seventh Circuit on June 2, 2016. (DE # 778).

**SO ORDERED.**

Date: October 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT